Carey B.C. Schmidt
David C. Berkoff
SCHMIDT BERKOFF LAW FIRM, PLLC
1917 S. Higgins Avenue
Missoula, Montana 59801
Telephone (406) 552-1450
Email: david@blackfootlaw.com
Email: carey@blackfootlaw.com
Attorneys for EMC Property & Casualty Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EMC PROPERTY AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RBC SAND & GRAVEL, INC.,<br><br>Defendant. | Cause No. _____<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, EMC Property & Casualty Company ("EMC"), by and through its counsel of record, the Schmidt Berkoff Law Firm, PLLC, and for its Complaint for Declaratory Judgment against the Defendants, states, avers, and alleges as follows.

1

A.	Jurisdiction and Venue.

1.	The following action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), including attorney fees reasonably anticipated at the time of filing, exclusive of interest and costs, and is between citizens of different states.

2.	The following action is one in which this Court has discretionary jurisdiction over the matters described herein under 28 U.S.C. § 2201.

3.	The following action involves a Defendant who is a citizen and resident of Ravalli County, Montana. Pursuant to Local Rule 1.2(c)(5), venue is properly before the United States District Court for the District of Montana, Missoula Division.

B.	The Parties.

4.	Plaintiff, EMC Property & Casualty Company ("EMC"), is an Iowa insurance company licensed to do business in the state of Montana. EMC is a citizen and resident of Iowa.

5.	Defendant, RBC Sand & Gravel, Inc. ("RBC") is Montana for profit corporation licensed to do business in the state of Montana. RBC is a resident and citizen of Victor, Ravalli County, Montana.

C. <u>Summary of Claim</u>.

6. EMC's instant declaratory judgment action against RBC seeks declaratory judgment from this Court that there is no insurance coverage under EMC's insurance policies issued to RBC for the claims being asserted against RBC in a lawsuit entitled *George Overman and No. 1 Concrete, LLC v. Bitterroot Rock & Ready Mix d/b/a RBC Sand & Gravel*, Cause No. DV-41-2023-0000221-BC (Montana 21st Judicial District, Ravalli County (Judge Jennifer V. Lint) ("Underlying Lawsuit") (Attached as **Exhibit 1**).

7. EMC seeks declaratory judgment that its policy terms, conditions, and exclusions apply to preclude coverage and as a result EMC does not possess the duty to defend or the obligation to indemnify RBC in the Underlying Lawsuit.

D. <u>The Underlying Lawsuit</u>.

8. The Underlying Lawsuit alleges that RBC contracted with George Overman and No. 1 Concrete ("Overman") to deliver and pour concrete for a barn construction project at property owned by Dave Vella at 6410 Stevensville River Road in Stevensville, Montana ("Vella Property"). Overman contends that the concrete delivered and poured by RBC cracked, failed and required replacement.

9. The Underlying Lawsuit claims that the construction project required 4500 PSI concrete, that Overman had contracted with RBC for 4500 PSI concrete, but that testing of the RBC's concrete revealed PSI strengths between 2600 and

3

4100. Overman asserts that RBC was negligent, breached its contractual obligations with Overman, and that RBC should pay for all subsequent damages.

10. The Underlying Lawsuit does not allege any property damage outside of those related to the removal and replacement of RBC's allegedly defective concrete. The Underlying Lawsuit seeks compensation for costs and attorney fees.

E. The EMC Policy.

11. EMC insured "RBC Sand & Gravel, Inc. DBA: Bitterroot Rock and Ready Mix, P.O. Box 218, Victor, Montana 59875-0218" with a Commercial General Liability Policy, Policy No. D4-02-32 ("Policy"), with a Policy period of December 15, 2021, to December 15, 2022. (Attached as **Exhibit 2**.) The Policy provides up to $1,000,000 in "each occurrence" and $2,000,000 in "general aggregate and products/completed operations" coverage.

12. The Policy includes five exclusions that are relevant to this declaratory action:

a. **Exclusion 2(j)(6), Damage to Property**, provides that this insurance does not apply to property damage to "that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it." However, exclusion 2(j)(6) does not apply "to "property damage" included in the products-completed operations hazard."

      b.      **Exclusion 2(k), Damage to Your Product**, provides that this insurance does not apply to "'Property damage" to "your product" arising out of it or any part of it.

      c.      **Exclusion 2(l), Damage to Your Work**, provides that this insurance does not apply to property damage claims "arising out of "your work" and included in the "products-completed operations" [PCOH] coverage hazard."

      d.      **Exclusion 2(m), Damage to Impaired Property or Property Not Physically Injured**, provides that this insurance does not apply "to "Property damage" to "impaired property" or property that has not been physically injured, arising out of: (1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"…"

      e.      **Supplementary Payments – Coverages A and B** section (e) provides that EMC will pay "All court costs taxed against the insured. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured."

      13.      The Policy includes several definitions of relevance to this declaratory judgment action:

      a.      "**Impaired property**" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because: a. It incorporates "your product" or "your work" that is known or thought to be

defective, deficient, inadequate or dangerous; or b. You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

    b.    "**Products-completed operations hazard**" means "a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except: (1) Products that are still in your physical possession; or (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times: (a) When all of the work called for in your contract has been completed. (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site. (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed."

    c.    "**Property damage**" means: a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use

of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    d.    **"Your Product"** means: "a. (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (a) You; (b) Others trading under your name; or (c) A person or organization whose business or assets you have acquired; and (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products. b. Includes: (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and (2) The providing of or failure to provide warnings or instructions. c. Does not include vending machines or other property rented to or located for the use of others but not sold."

    e.    **Your work**" means: "(a)(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations. b. Includes: (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and (2) The providing of or failure to provide warnings or instructions."

    F.    <u>EMC's Defense under a Reservation of Rights</u>.

14.    Notice of the Underlying Lawsuit was provided to EMC on August 4, 2023. EMC has retained counsel for RBC and is defending RBC under a full

7

reservation of rights pursuant to the Montana Supreme Court's directive in *Farmers Union Mut. Ins. Co. v. Staples*, 321 Mont. 99, 90 P.3d 381 (2004). Pursuant to *Staples*, EMC seeks declaratory judgment as to its defense and indemnity obligations under the Policy as applied to the allegations and established facts of the Underlying Lawsuit.

COUNT ONE – DECLARATORY JUDGMENT
(No Coverage Pursuant to the J(6) and L Exclusions)

15. EMC restates and re-alleges the above allegations as though fully set forth here.

16. The Underlying Lawsuit seeks damages related to the removal and replacement of RBC's allegedly defective concrete work.

17. The Policy's J(6) exclusion precludes coverage for "that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it while operations are on-going. The Policy's L exclusion precludes coverage for "arising out of "your work" and included in the "products-completed operations" hazard." The two exclusions combine to eliminate coverage for claims arising from RBC's allegedly defective concrete work at the Vella Property.

18. Because the Policy's J(6) and L exclusions effectively eliminate coverage for RBC's allegedly defective work, there is no coverage for the

Underlying Lawsuit. Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment.

## COUNT TWO – DECLARATORY JUDGMENT
### (No Coverage Pursuant to the K Exclusion)

19. EMC restates and re-alleges the above allegations as though fully set forth here.

20. The Underlying Lawsuit seeks damages related to the removal and replacement of RBC's allegedly defective work caused by a substandard concrete product.

21. The Policy's K exclusion broadly bars coverage for "'property damage" to "your product" arising out of it or any part of it."

22. Because the Underlying Lawsuit seeks damages arising from RBC's allegedly substandard product, the K exclusion precludes coverage. Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment.

## COUNT THREE – DECLARATORY JUDGMENT
### (No Coverage Pursuant to the M Exclusion)

23. EMC restates and re-alleges the above allegations as though fully set forth here.

24. The Underlying Lawsuit appears to seek damages directly resulting from the expense of removal and replacement of RBC's defective work and concrete product. Implied in these allegations is the cost of delay or impairment of

other property prior to removal and replacement of RBC's defective work and product.

25.  Exclusion M precludes coverage for "property damage" to "impaired property" or property that has not been physically injured, arising out of: (1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"…" including any implicit claim by Overman for loss of use, delay, or impairment of property not physically injured.

26.  Because Exclusion M bars coverage for any implied impaired property claims, there is no coverage for such claims. Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment.

<u>COUNT FOUR – DECLARATORY JUDGMENT</u>
<u>(No Coverage for Attorney Fees)</u>

27.  EMC restates and re-alleges the above allegations as though fully set forth here.

28   The Underlying Lawsuit seeks attorney fees and expenses from RBC.

29.  Policy Supplementary Payments – Coverages A and B section (e) specifically provides that EMC's obligation to pay "does not include attorneys' fees or attorneys' expenses taxed against the insured."

30.  Because Policy Supplementary Payments – Coverages A and B section (e) precludes any award of fees or expenses taxed against RBC, there is no

coverage for this claim for damages in the Underlying Lawsuit. Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment.

## PRAYER FOR RELIEF

WHEREFORE, EMC prays for declaratory judgment as follows:

1. Declaratory Judgment in EMC's favor that there is no coverage for the claims asserted in the Underlying Lawsuit;

2. Declaratory Judgment that EMC is not obligated to defend or indemnify RBC in the Underlying Lawsuit;

3. The EMC be permitted to recover its fees and costs; and

4. Any further relief the Court deems just and proper.

DATED this 9th day of November 2023.

/s/ David C. Berkoff
SCHMIDT BERKOFF LAW FIRM, PLLC